29354. HOOVER & MORRIS DEVELOPMENT COMPANY, INC. v. MAYFIELD et al.

HILL, Justice.
The appellant company is the developer of that condominium known as Wilshire Condominiums. In April, 1973, it conveyed one of its dwelling units to the appellee L. L. Gnagey. The deed recited that it was subject to the Apartment Ownership Act (Ga. L. 1963, p. 561), and a specified Condominium Declaration previously

recorded in DeKalb County. Through an oral agreement with appellees R. J. and Joyce Mayfield, Gnagey allowed the Mayfields to occupy and use his unit with an option to purchase at an unspecified date. The Mayfields' occupancy commenced in August, 1973, after the Mayfields selected carpet to be installed by the developer. No objection was made to this occupancy, at first. In fact, the developer accepted Mr. Mayfield's payment of maintenance fees.

In early April, 1974, the Mayfields decided to purchase Gnagey's condominium. On April 19, 1974, the following letter addressed to the Wilshire Condominium Association and signed for the appellee Gnagey by his secretary was sent appellant: "Gentlemen: I, Lyle Landis Gnagey, do intend to sell to Ray Jack Mayfield and Joyce Mayfield the condominium located at 1441 Tilbury Place for the sum of $28,000. This sale will take place on May 20, 1974. Mr and Mrs. Mayfield have resided at 1441 Tilbury Place since August, 1973. Mr. Mayfield is employed as a salesman by Mainstem Corporation. Mrs. Mayfield is employed by Gulf Oil Corporation." Mr. Mayfield testified that this letter was prepared pursuant to instructions of an agent of the developer who utilized a similar letter submitted by the owner of another condominium.

The appellant filed suit on May 3, 1974, in the Superior Court of DeKalb County in two counts, seeking to evict the Mayfields and to enjoin Gnagey from selling the condominium. The complaint alleged inter alia that under Section 4.3 of the Condominium Declaration, which was filed pursuant to the Apartment Ownership Act (Ga. L. 1963, p. 561; 1971, p. 465; Code Ann. Ch. 85-16B), the appellant as developer had retained the exclusive right to exercise all voting rights of the owners of any dwellings in the condominium, to perform the functions of the Association and to manage the condominium until the sale of the last dwelling; that Section 10.1 of the Declaration required any condominium owner seeking to sell, rent or lease such dwelling to another to give notice to the Board of Directors of the Wilshire Condominiums Association by furnishing them a true copy of a bona fide offer bearing the signature of all parties thereto and containing the terms thereof; that Section 10.1 further

provides that should the owner of any dwelling attempt to sell or lease his dwelling without affording the other owners, Board of Directors or the Association the right to first refusal, such sale or lease shall be null and void; that Gnagey as an owner covenanted and agreed by acceptance of his deed that the administration of the Wilshire Condominiums should in all respects be in accordance with the declaration and by-laws of the association; that Gnagey had failed to comply with Section 10.1 of the declaration; and that the Mayfields were wrongfully occupying Gnagey's condominium pursuant to an unauthorized agreement with him.

After a hearing, the trial court ruled that the notice given was sufficient and denied temporary injunctive relief. The appeal is from that order. The enumerations of error are based upon the oral findings and conclusions of the trial court that the appellee's letter of April 19, 1974, constituted sufficient "notice of intent" under the condominium declaration; and that the appellant waived its rights of notice and first refusal under the declaration and was barred by laches from enforcing its rights.

The issues here are controlled by the Apartment Ownership Act. It requires that "Each apartment owner *shall comply strictly* with the by-laws and with the administrative rules and regulations adopted pursuant thereto . . . and with the covenants, conditions and restrictions set forth in the declaration or in the deed or sublease to his apartment. Failure to comply with any of the same shall be ground for an action to recover sums due, for damages or injunctive relief or both maintainable by the manager or board of directors on behalf of the association of apartment owners . . ." Ga. L. 1963, pp. 561, 565; 1971, pp. 465, 466 (Code Ann. § 85-1606b). (Emphasis supplied.)

The condominium declaration in the instant case provides in pertinent part as follows:

"10.1 *Approval Required:* In the event any owner of a dwelling shall seek to sell, rent or lease such dwelling to another, and shall have received a bona fide offer, in writing therefor, from a prospective purchaser or tenant, the remaining owners shall be entitled to notice therefor.

Such owner wishing to sell or lease shall give notice to the board of directors of the association by furnishing to them a true copy of said bona fide offer, bearing the signatures of all parties thereto and containing the terms thereof, whereupon the board of directors shall cause copies to be circulated and delivered to each owner of all remaining dwellings. The remaining owners, through the Association, or any person named by the board of directors, shall have the right to purchase or lease said dwelling upon the same terms and conditions as set forth in the offer served upon the board of directors, provided written notice of such election to purchase is given the selling owner during the fifteen (15) day period immediately following the delivery of the notice to the board of directors. Should the owner of any dwelling attempt to sell or lease his dwelling without affording to the other owners the right of first refusal herein provided, such sale or lease shall be wholly null and void and shall confer no title, interest, or right of possession whatsoever upon the intended purchaser, tenant or lessee . . . The failure of, or refusal of the board of directors, or the association, or any other owner to exercise the right herein provided for purchase or lease shall not constitute or be interpreted to be a waiver of such right to purchase or lease in a subsequent instance when an owner receives a bona fide offer from a prospective purchaser, tenant or lessee."

The declaration here does not require a notice of *intent,* it requires notice by the furnishing of a true copy of a *bona fide offer* from the prospective purchaser or tenant, "bearing the signature of all parties thereto and containing the terms thereof," which offer the developer shall have the right to act upon.

The letter of April 19, 1974, does not meet these requirements. No bona fide offer was furnished bearing the signatures of all parties thereto, but merely a letter signed for the seller by his secretary, which is not an enforceable agreement. The only term stated therein was the proposed purchase price of $28,000; the "notice" did not comply with the requirements of the declaration.

However, the trial court based its denial of the temporary injunction also on the ground of waiver. There

was evidence to support that decision, particularly as to the count seeking eviction of the Mayfields. The requirements of declarations recorded pursuant to the Apartment Ownership Act, although requiring strict compliance, may nevertheless be waived. In fact, the condominium declaration here in issue impliedly contemplated certain waivers.

Under the facts of record in this case, it cannot be said that the trial court erred in denying the temporary injunction.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 1, 1974 — DECIDED FEBRUARY 4, 1975.

*Somers & Altenbach, Fred L. Somers, Jr., David D. Rawlins,* for appellant.

*Gerstein, Carter & Chesnut, Michael J. King,* for appellees.